UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARTURO GOMEZ-GONZALEZ,

       Petitioner,

v.                                          Case No:  2:09-cv-567-FtM-29DNF
                                     Case No. 2:08-CR-74-FTM-29DNF

UNITED STATES OF AMERICA,

       Respondent.

_____

## OPINION AND ORDER

    This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #29)[1] filed on August 31, 2009.  The government filed a Response in Opposition to Motion (Cv. Doc. #11) on December 23, 2009.

**I.**

    On May 21, 2008, a federal grand jury in Fort Myers, Florida returned a one-count Indictment (Cr. Doc. #1) charging petitioner with knowingly and unlawfully entering the United States after having been convicted of an aggravated felony and deported, and without the consent of the Attorney General or the Secretary of

_____

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

Homeland Security.   Petitioner entered a plea of guilty pursuant to a Plea Agreement (Cr. Doc. #22)[1] providing for a four level departure under the Fast Track Prosecution Program.   (Cr. Doc.

---

1 Petitioner's written Plea Agreement contains the following stipulations, conditions and concessions:

    a. Defendant agrees that the factual basis contained in the instant Plea Agreement accurately and completely reflects the relevant offense conduct;

    b. Defendant agrees to waive his right to make any objection to the Chapter Four criminal history category calculations in the Pre-Sentence Investigation Report except on the issue that the defendant was not the individual whose conviction was used to calculate defendant's criminal history category points;

    c. Defendant agrees not to request on any basis a downward departure or a variance from the total adjusted offense level as calculated by the Court;

    d. Defendant hereby waives the right to directly appeal defendant's conviction, sentence, and any aspect of or matter relating to the prosecution, including ineffective assistance of counsel at sentencing;

    e. Defendant hereby waives the right to collaterally challenge defendant's conviction, sentence, and any other aspect of or matter relating to the prosecution, including ineffective assistance of counsel at sentencing, under 28 U.S.C. § 2255, habeas corpus, or any other provision of law; and

    f.   Defendant agrees to not re-enter the United States unless the defendant obtains the express consent of the Secretary of the Department of Homeland Security to reapply for admission.

(Cr. Doc. #22, p. 4.)

#22, ¶ 7.)  On November 17, 2008, the Court sentenced petitioner to a term of imprisonment of 37 months incarceration, 3 years supervised release, and a $100 special assessment.  (Cr. Doc. #25.)  Judgment (Cr. Doc. #26) was filed on November 18, 2008.  No direct appeal was filed.

On April 6, 2011, the Court issued an Opinion and Order (Cv. Doc. #12) taking petitioner's 2255 Motion under advisement, and referring the Motion to the Magistrate Judge for purposes of conducting an evidentiary hearing and submitting a Report and Recommendation on the issue of trial counsel's failure to file a direct appeal.  The Magistrate Judge appointed counsel and a request for transportation was made.

The Court was subsequently notified that petitioner was no longer in the United States and was in fact deported on February 4, 2011, to Mexico.  Based on this information, the undersigned withdrew the reference to the Magistrate Judge and administratively closed the case until February 3, 2014, the date petitioner's supervised release was due to expire.  (Cv. Doc. #13.)

On February 5, 2014, after the expiration of petitioner's supervised release, the Court issued an Order (Cv. Doc. #14) directing petitioner to show cause why the Motion should not be denied as moot, or if it should proceed.  The case was reopened and counsel was re-appointed for purposes of responding to the

Order.   On February 24, 2014, counsel filed a Notice Requesting the Court to Deny Petition as Moot (Cv. Doc. #16).

## II.

Counsel states that he reviewed the file, including the docket history of this case.  Petitioner raises the following grounds: Ground One alleges that petitioner asked his attorney to file an appeal on his behalf and counsel said it was his right to appeal. Petitioner argues that he could have done better because counsel simply sought a plea of guilty on his behalf without presenting a defense.  Ground Two alleges that the sentence was too harsh based on a simple illegal reentry, without any other associated criminal activity.  Ground Three alleges a violation of petitioner's equal rights under the United States Constitution because as a non-citizen and alien, he does not have access to the drug abuse program participation reduction, a half-way house, or early release.  Ground Four alleges that his underlying felony was not an aggravated offense.  Ground Five alleges that the fast track 4 level departure was not applied by the Court, and Ground Six alleges a breach of contract because the Court did not grant petitioner a four level departure pursuant to the accepted Plea Agreement and plea.  (See Cv. Doc. #1.)

Counsel notes that the inability to communicate with petitioner renders it impossible to hold an evidentiary hearing and present sworn testimony with regard to a concrete and

continuing injury.   Counsel also states that petitioner's allegations are otherwise simply that his sentence was too harsh, and petitioner is now without remedy.   After an independent review, and finding no other basis for jurisdiction, the Court agrees with counsel and will dismiss the 2255 Motion without prejudice for lack of jurisdiction.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.   Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #29) is **DISMISSED without prejudice for lack of jurisdiction.**

2.   The Clerk of the Court shall enter judgment accordingly and close the civil file.   The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.**   A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.   28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009).   "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make such a showing, Petitioner "must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations and internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this ___6th___ day of March, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record
AUSA